United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 9, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 05-60856
Summary Calendar

SHAFIQ SHABUDIN,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

**Petition for Review of an Order of the
Board of Immigration Appeals
(A77 340 270)**

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Shafiq Shabudin, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' (BIA) decision, which affirmed, without an opinion, the immigration judge's (IJ) denial of Shabudin's application for political asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

"Although this Court generally reviews decisions of the BIA, not immigration judges, it may review an immigration judge's decision when ... the BIA affirms without additional explanation."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Moin v. Ashcroft*, 335 F.3d 415, 418 (5th Cir. 2003). "[T]his Court must affirm the decision if there is no error of law and if reasonable, substantial, and probative evidence on the record, considered as a whole, supports the decision's factual findings." *Id.* Under this standard, "the alien must show that the evidence [of another conclusion] is so compelling that no reasonable factfinder could conclude against it". *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

The Attorney General may exercise his discretion to grant asylum to an alien who is a refugee. 8 U.S.C. § 1158(b)(1). A refugee is an alien who is unwilling to return to his country "because of persecution or a well-founded fear of persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion". 8 U.S.C. § 1101(a)(42)(A).

Based on inconsistencies in Shabudin's testimony, his asylum applications, and his sworn statements, the IJ found Shabudin not credible. An IJ's credibility findings are accorded "great deference". *Efe v. Ashcroft*, 293 F.3d 899, 904 (5th Cir. 2002). Shabudin contends: because his statements and testimony were consistent with his general assertion of past, and feared future, persecution in Pakistan, the IJ's credibility findings were not supported by substantial evidence; and any inconsistencies simply resulted from his providing more details in his hearing testimony.

2

Contrary to Shabudin's contentions, there was substantial evidence to support the IJ's credibility determinations. As the IJ noted, there were multiple inconsistencies in Shabudin's testimony and written statements, many of which concerned matters central to his claim of past persecution. Shabudin provided inconsistent information regarding his arrest, the timing and number of threats made against him, the treatment of his family members, and whether or when he was shot by members of the Mahzir-Qomeei Movement (MQM). Further, his assertions of continued persecution are questionable in the light of his testimony that he stopped participating in the Pakistan People's Party after their office was raided in 1998. Finally, contrary to Shabudin's statements and testimony, evidence in the Country Reports of Pakistan indicated MQM members were not supported by the police, but rather had been targeted by the police for arrests and killings. Accordingly, the IJ's denial of Shabudin's asylum application was supported by substantial evidence. *See* **Moin**, 335 F.3d at 418.

"To be eligible for withholding of removal, an applicant must demonstrate a clear probability of persecution upon return." **Roy v. Ashcroft**, 389 F.3d 132, 138 (5th Cir. 2004) (internal quotation omitted). Because of Shabudin's failure to satisfy the more lenient standard for asylum, he necessarily could *not* qualify for withholding of removal. *See* **Majd v. Gonzales**, 446 F.3d 590, 595 (5th Cir. 2006).

3

The CAT requires an alien to show "it is more likely than not that he ... would be tortured if removed to the proposed country of removal. The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration". *Efe*, 293 F.3d at 907 (quotation marks omitted). Because Shabudin has not shown the IJ's credibility determination should be overturned, his CAT relief claim cannot succeed based on his testimony alone. *Id.*

***PETITION DENIED***

4